UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV207-J

MINNIE E. CUSICK                                                                                          PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                    DEFENDANT

### MEMORANDUM OPINION

Before the Court is the complaint of ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

### PROCEDURAL HISTORY

On January 11, 2006, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of August 1, 2005. After a hearing, Administrative Law Judge Scott Miller ("ALJ") determined that claimant's chronic obstructive pulmonary disease, left rotator cuff tear, hernia and depression were severe impairments that prevented her from performing any of her past relevant work as a home health aide and a nurse's aide. The ALJ further found that she retained the residual functional capacity for a limited range of light work jobs, jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on February 26, 2008.

### STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ committed legal error in the process of establishing her residual functional capacity ("RFC"). RFC is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

The ALJ found that plaintiff could perform simple, routine low stress work involving lifting 10 pounds frequently and 20 pounds occasionally, standing or walking six hours and sitting six hours in an eight hour workday. The ALJ also eliminated work that involves concentrated exposure to extreme cold and vibration or even moderate exposure to fumes, odors, dusts, gases and poor ventilation.

Plaintiff argues that her functional capacity should further limited, adding a restriction

against overhead reaching because of her left shoulder impairment. In December of 2004, she complained of shoulder pain at 3/10 at rest, going to 10/10 with any use. She reported that she had had the pain off and on for two years. Tr. 245. Physical examination showed more pain when the arm was crooked, less when it was extended. She told the physician at that time that she did not want more pain medication. Tr. 246. When she returned on January 4, 2005, examination showed a full range of motion, and she reported that she was taking ibuprofen for the pain. Tr. 248. An x-ray was normal. Tr. 253.

When she returned a year later, in January of 2006, she reported that the pain was not any better, and that the ibuprofen was not providing pain relief. Tr. 249. Physical examination elicited tenderness upon palpation of the rotator cuff and pain on forward flexion. The physician prescribed flexeril and ordered an MRI. Tr. 250. The MRI report identified tendonosis within the rotator cuff, and mild deltoid bursitis, as well as an irregularity of the anterior inferior glenolabral ligamentous complex for that might benefit from further evaluation. Tr. 255.

The ALJ recognized Ms. Cusick's history of shoulder pain, and identified the rotator cuff problem as a severe impairment. The ALJ observed that the medical records do not reflect that she sought or received any treatment for the condition after January of 2006. Tr. 12. The ALJ also noted the physical examination performed by Dr. Stidam in March of 2006. Dr. Stidam found normal strength and range of motion. Tr. 235-236.

No treating or examining physician advised plaintiff to avoid overhead reaching. However, the agency physician who examined the medical records in April of 2006 limited her overhead reaching with the left shoulder to "none." Tr. 214. Among the records examined by that agency physician was Dr. Stidam's report, which did not explicitly address the issue of overhead reaching.

The ALJ's decision did not indicate the reason for rejecting the "overhead reaching" restriction. Indeed, the ALJ did not discuss the state agency physician's opinion on the matter at all, such that it is not clear that he was aware of it, and it would require considerable speculation into the mental processes of the fact-finder to conclude that the ALJ was aware of the opinion, that he considered it to be in conflict with Dr. Stidam's opinion, that he elected to adopt Dr. Stidam's opinion and reject the agency physician's opinion, and that he had reasons for doing so. Such speculation by the Court is not permissible, and remand is necessary to clarify this matter.

Plaintiff also contends that the ALJ erred in failing to include limitations related to her rectal prolapse. However, the Court finds this contention without merit. When asked how the rectal prolapse affects her functionally, Ms. Cusick testified that it is a problem when she does "any heavy lifting." Tr. 303. The RFC found by the ALJ excludes any heavy lifting.

Plaintiff complains of improprieties in the ALJ's credibility analysis and in the form of questioning the vocational expert. Because remand is required, it is unnecessary for the Court to address these issues at this time.

An order in conformity has this day entered.